UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD ARTHUR STRICKLAND III,

        Petitioner,                            Civil No. 09-10472
                                                    Honorable David M. Lawson

v.

BLAINE C. LAFLER,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Leonard Arthur Strickland III, a Michigan prisoner, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was convicted in the Ogemaw County, Michigan circuit court of third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d(1)(b), and sentenced to a prison term of 50 to 180 months. The petitioner contends that he has completed his minimum term and he is being held beyond that term in violation of his plea agreement without substantial and compelling reasons. However, the petitioner has not yet fairly presented these claims to the Michigan courts, so he may not apply for relief in this Court. Because the petitioner has failed to exhaust his state court remedies, the Court will dismiss the petition without prejudice.

I.

The petitioner pleaded guilty to third-degree criminal sexual conduct in the Ogemaw County, Michigan circuit court on July 25, 2002. On August 29, 2002, he was sentenced to a minimum prison term of 50 months and a maximum term of fifteen years. The petitioner did not pursue a direct appeal of his conviction or sentence in the state courts. However, he did file a complaint for writ of habeas corpus in the state circuit court, which was denied. *See Strickland v. Lafler*, No. 08-

M-10849-AH (Montcalm Co. Cir. Ct. Sept. 9, 2008). The court also denied reconsideration on September 23, 2008. The petitioner then filed an application for leave to appeal in the Michigan Court of Appeals, but his application was not accepted for filing because he did not pay the filing fee. The court allowed him to resubmit his application with payment of a partial filing fee, *see Strickland v. Dep't of Corrections*, No. 288136 (Mich. Ct. App. Oct. 23, 2008), but instead the petitioner filed a motion for reconsideration, which the court of appeals denied on November 18, 2008. The court again instructed the petitioner to resubmit his application with payment of the initial partial filing fee. The petitioner did not do so. Then, he filed an application for leave to appeal in the Michigan Supreme Court, but his application was similarly rejected for failure to pay the required partial filing fee. *See Strickland v. Dep't of Corrections*, ___ Mich. ___, 757 N.W.2d 689 (2008). The petitioner never paid the fee, and the Michigan Supreme Court closed the case. *See Strickland v. Dep't of Corrections*, ___ Mich. ___, 759 N.W.2d 28 (2009). The petitioner thereafter filed his federal habeas petition in this Court.

II.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (C); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the

state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *overruled in part on other grounds by Thomas v. Keohane*, 516 U.S. 99, 111 (1995) (citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987)); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations."). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The petitioner in this case has not exhausted his state court remedies. The record reveals that he failed to proceed properly on his claims in the Michigan Court of Appeals and the Michigan Supreme Court. Both of these courts refused to accept his applications for leave to appeal because he failed to pay the required filing fees – even after being given the opportunity to correct the deficiency. As a result, the state appellate courts did not have a fair opportunity to rule on the merits of the petitioner's federal claims.

A claim is not exhausted unless the habeas petitioner provides the state appellate courts with a fair opportunity to pass upon the claim, which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (internal quotation omitted). The

petitioner here did not properly file his applications for leave to appeal in the state courts. The Supreme Court has explained that "an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). A habeas petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. *See Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001).

Moreover, the petitioner has an available procedure through which to exhaust his claims. For example, he may file a state habeas action in the Michigan Court of Appeals, *see* Mich. Comp. Laws § 600.4304; Mich. Ct. R. 3.303(A)(2); Mich. Ct. R. 7.203(C)(3); *Moses v. Dep't of Corrections*, 274 Mich. App. 481, 484, 736 N.W.2d 269, 272 (2007); *Morales v. Mich. Parole Bd.*, 260 Mich. App. 29, 39-40, 676 N.W.2d 221, 229-30 (2003); *see also Jackson v. Jamrog*, 411 F.3d 615, 621 (6th Cir. 2005) (stating that certain types of parole denial claims involving radical defects in legal process may be cognizable in a state habeas action or mandamus proceeding), and then seek leave to appeal from the Michigan Supreme Court. *See* Mich. Ct. R. 7.301(A)(2); Mich. Ct. R. 7.302. Additionally, to the extent that the petitioner challenges his plea agreement, conviction, or sentence, he may file a motion for relief from judgment in the state trial court, *see* Mich. Ct. R. 6.500 *et seq.*, and seek leave to appeal in the state appellate courts as necessary. *See* Mich. Ct. R. 6.509(A); Mich. Ct. R. 7.205; 7.301(A)(2); Mich. Ct. R. 7.302. Because the petitioner has available avenues for relief in the state courts, he must exhaust those remedies before proceeding in federal court on a petition for writ of habeas corpus. The Court therefore must dismiss his petition.

III.

The Court concludes that the petitioner has failed to exhaust his state court remedies before seeking federal habeas relief. Therefore, he is not eligible for the relief he seeks at this time. 28 U.S.C. § 2254(b)(1)(A).

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus [dkt #1] is **DISMISSED without prejudice**. The Court makes no determination as to the merits or the timeliness of the petitioner's claims.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 19, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 19, 2009.

s/Felicia M. Moses
FELICIA M. MOSES